IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MAURICE BANKS | Criminal Action No.<br><br>1:20-cr-00428-ELR-AJB |

**Government's Response to**
**Defendant's Motion for Reconsideration of Detention Order**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, hereby files this Response to the Motion for Reconsideration of Detention Order by the defendant, Maurice Banks.  Because there is no condition or combination of conditions that will reasonably assure the safety of a person or the community and ensure the Defendant's appearance at trial, the government respectfully requests that the Court deny the Defendant's Motion and order that the Defendant remain in custody pending the conclusion of this case.

**Relevant Factual and Procedural Background**

On November 9, 2020, a Grand Jury, sitting in the Northern District of Georgia, returned a three-count criminal indictment, under seal, against the Defendant and three others related to the theft of firearms from ten federal firearms licensees ("FFLs") in the Northern District of Georgia, the Middle District of Georgia and the Western District of Tennessee.  The indictment alleges

that from in or around August 2020 through at least in or around October 2020, the Defendant and his three co-defendants conspired to steal and attempt to steal firearms from ten FFLs by, among other methods, ramming rented U-Haul small box trucks into the FFLs to create openings to enter the building and carry away firearms.  The Defendant specifically is charged with one count of conspiracy to steal firearms from FFLs in violation of 18 U.S.C. § 371 and two counts of theft of firearms from an FFL in violation of 18 § U.S.C. 922(u).

After the other three named defendants made their various initial appearances in this matter, the indictment was unsealed on February 11, 2021, upon the arrest and initial appearance of the Defendant.  (Docs. 43 & 45.)  The government moved for detention and a hearing was held on February 16, 2021. (Doc. 50.)

At the detention hearing, the government contended that detention pending trial was warranted, pursuant to 18 U.S.C. §§ 3142(e) and (f), because there was no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety of the community.  (Doc. 93, at p. 3.)  The government proffered the Pretrial Services Report as to the Defendant's history and characteristics, noting that the report reflected the Defendant's extensive criminal history, including a 15-year custody sentence for armed robbery, and the Defendant's lack of current or regular employment.  The government proffered as to the weight of the evidence that third-party witnesses had identified the Defendant as asking each of them to rent U-Haul small box

trucks, that a cell phone number associated with the Defendant had been at or near each of the burglaries alleged in the Indictment and that a camera inside a casino located near the FFL burglarized in the Western District of Tennessee had recorded the Defendant on the same night as the burglary. (Doc. 93, at pp. 5-7.)

As to the risk of flight, the government proffered that agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") had been searching for the Defendant since the Indictment had been returned in November 2020, including speaking with the Defendant's girlfriend, Ms. Freeman, and that ATF agents ultimately located Mr. Banks at a hotel with Ms. Freeman in February 2021. The government further proffered that at the time of Mr. Banks' arrest, Mr. Banks affirmatively nodded his head when asked if he had been staying in a hotel, rather than his known residence, because he knew that law enforcement had been looking for him. (Doc. 93, at p. 9.)

After hearing evidence and argument from the parties, Magistrate Judge Baverman ordered the Defendant be detained pending trial, finding that there were no conditions that could reasonably assure the safety of the community or the Defendant's appearance at trial. As to the dangerousness aspect, Magistrate Judge Baverman specifically pointed to the Defendant's lengthy criminal record and probable cause that the Defendant was involved in the conspiracy in the Indictment, including evidence related to the Defendant's presence at the scene of the burglaries and the video recording of the Defendant captured at the casino on the night of one of the burglaries. (Doc. 93, at pp. 7-8.) As to the risk of flight,

Magistrate Judge Baverman found that the Defendant "knew he was wanted and he evaded capture. And so I don't find that based on the – on what appear to be his efforts to – to evade apprehension that the halfway house or the ankle monitor would be an acceptable substitute." (Doc. 93, at p. 15.)

The Defendant then filed this Motion for Reconsideration, challenging some of the evidence proffered at the hearing. Because the Defendant poses a danger to a person and the community and that the Defendant is a flight risk, and the Defendant has not presented any new evidence or facts that show otherwise, the Court should deny the Defendant's motion.

## Argument and Citation of Authority

The Bail Reform Act, 18 U.S.C. §§ 3142, *et seq.*, governs the release and detention of defendants pending trial. Under this Act, a defendant shall be released on bond pending trial unless the government establishes by a preponderance of the evidence that the defendant poses a risk of flight, or by clear and convincing evidence that the defendant poses a danger to a person or the community. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may seek prompt review of the order in district court. The review is *de novo*. *See Medina*, 775 F.2d at 1402. To reopen a detention order, a defendant must show that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions

of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 1342(f).

The Defendant has not made that showing here. Instead, glossing over the bulk of the evidence as to dangerousness and risk of flight presented by the government at the detention hearing, the Defendant challenges the conclusions reached by ATF during the investigation to associate the relevant cell phone number, *i.e.*, 470-773-7787, to the Defendant. The Defendant claims that because this particular piece of the evidence is "not strong," he is entitled to pre-trial release.[1] (Doc. 89, at p. 5.) Challenging the government's investigation as laid out in Rule 16 discovery, however, is not a sufficient basis to overcome the evidence as to dangerousness and risk of flight presented in this matter, including (1) the nature and circumstances of the breadth and brazenness of the burglaries, (2) the weight of the evidence against the Defendant, including the interviews of third party witnesses, toll records, video recordings and historical cell site data, and (3) the history and characteristics of the Defendant, including his lengthy criminal history and lack of employment. *See* 18 U.S.C. § 3142(g).

---

[1] The Defendant specifically claims that the relevant cell phone number was "recovered from a Uhaul truck that was being driven by to [sic] other men who were shoplifting." (Doc. 89, at p. 5.) As reflected in the discovery, including the affidavit in support of a search warrant for historical cell site data, this cell phone was associated with the Defendant based on interviews with the renters of the U-Hauls used in some of the burglaries and an analysis of toll records, not because it was recovered from a U-Haul truck being driven by others.

Accordingly, because there is no condition or combination of conditions that will reasonably assure the safety of a person and the community and the Defendant's appearance as required, and the Defendant has not set forth any evidence that would indicate otherwise, the Defendant should be detained pending trial.

## Conclusion

For all the foregoing reasons, the government respectfully requests that the Court deny the Defendant's Motion for Reconsideration of Detention Order.

         Respectfully submitted,

         KURT R. ERSKINE
          *Acting United States Attorney*


         /s/SEKRET T. SNEED
          *Assistant United States Attorney*
         Georgia Bar No. 252939
         sekret.sneed@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record:

Saraliene Durrett
1800 Peachtree Street, Suite 300
Atlanta, GA 30309
404-433-0855
ssd@defendingatl.com

May 24, 2021

/s/ SEKRET T. SNEED
SEKRET T. SNEED
*Assistant United States Attorney*