IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                              )<br>)<br>MAURICE BANKS,                             )<br>         Defendant.                              ) | CASE No.<br>1:20-CR-428-ELR-AJB |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED ON OR ABOUT FEBRUARY 10, 2021

Comes now Defendant Maurice Banks and hereby files this motion to suppress any evidence seized during the warrantless searches of the hotel room where he was residing and/or the black 2019 Chevy Impala he was driving on Feb. 10, 2021.  In support whereof he shows the following:

**I.      Background**

On February 10, 2021, Mr. Banks was arrested at the Days Inn located at 2081 Northlake Parkway, Tucker, GA 30084.  Upon information and belief, officers searched the hotel room where he was residing without a warrant at or near the time of his arrest.  Any evidence seized from this warrantless search should be suppressed.

At or near the time of his arrest, Mr. Banks was also questioned by law enforcement.  At some point prior to his recorded interview, it appears officers questioned Mr. Banks about the Chevy Impala he was driving immediately prior to

his arrest and that was also located at the Days Inn. During his later recorded custodial interview, officers tell Mr. Banks that they are aware that drugs will be found in the car but they are not interested in the drugs. Mr. Banks later consents to the search of the vehicle. Officers located approximately seven grams of cocaine (including packaging) and several small plastic baggies under the front passenger side seat. The government cannot show that the pre-*Miranda* (and unrecorded) discussions about the vehicle did not taint Mr. Banks' ultimate consent to search the vehicle. Therefore, any evidence seized from the vehicle should be suppressed.

## II.     All evidence seized without a warrant should be suppressed.

The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. U.S. Const. Amend. IV. Upon a motion to suppress evidence garnered through a warrantless search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution. *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983). Thus, the government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the Fourth Amendment. *Vale v. Louisiana*, 399 U.S. 30, 34, 90 S. Ct. 1969, 26 L. Ed. 2d 409 (1969). "In order for consent to a search to be deemed voluntary, it must be the product of an essentially free and unconstrained choice." *United States v. Garcia,* 890 F.2d 355, 360 (11th Cir.

1989).  The government bears the burden of proving . . . that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily.'" *United States v. Hidalgo,* 7 F.3d 1566, 1571 (11th Cir. 1993).

A hearing should be held to determine the whether any consent to search was lawfully obtained or whether other exceptions to the warrant requirement apply in this case.

Respectfully submitted this 19th day of August 2021.

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this 19th day of August 2021.

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com